JOHN WALSH, PROSECUTOR, v. CHARLES M. EGAN, JUDGE OF OUR COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF HUDSON ET AL., DEFENDANTS.

Submitted February 2, 1931—Decided April 9, 1931.

Before Justices PARKER, CAMPBELL and BODINE

For the prosecutor, *Frank J. V. Gimino.*

For the respondents, *John Drewen.*

PER CURIAM.

The prosecutor was tried and convicted in the First Criminal Court of Jersey City on a complaint charging him with driving a motor vehicle while under the influence of intoxicating liquor in violation of the provisions of the Motor Vehicle act of 1921, as amended. An appeal was taken to the Common Pleas. The record of conviction in that court was brought before us, and the pertinent portion thereof is as follows: "Sept. 25/30. Evidence closed and court sustains former conviction and finds the defendant guilty. The defendant being placed to the bar is sentenced to be confined in county jail for a period of three (3) months or to pay a fine of two ($200) hundred dollars."

In *Knight* v. *Kinkead,* 104 *N. J. L.* 459, this court said: "The rule appears to be settled that the record of the Common Pleas on a retrial in these classes of cases must reasonably show that the defendant was convicted of the offense that had been charged in the complaint, and if it failed so to show it in reasonable intendment, the proceedings in the Common Pleas must be set aside."

There is nothing to indicate the offense charged in the complaint, or what the complaint was, except the fact that the charge against the prosecutor was a violation of the Motor Vehicle act. That circumstance appears in the caption, but then there are a number of violations of the Motor Vehicle act which may be charged, so there is nothing to indicate what the offense was for which there was a conviction.

It is unnecessary to consider the other points raised in the prosecutor's brief.

The judgment of the Common Pleas is reversed and set aside.